UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| SAIDA E. MAMEDOVA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 17-188-WES |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant United States of America's Motion to Dismiss. (ECF No. 8.) Plaintiff, Saida E. Mamedova, brought a wrongful levy action, pursuant to 26 U.S.C. § 7426(a)(1), against Defendant after the Internal Revenue Service ("IRS") placed a levy on her property for unpaid taxes. For the reasons set forth below, Defendant's motion is GRANTED.

I. Background

On May 2, 2011 and June 18, 2012, the IRS made income tax assessments for unpaid taxes[1] against Plaintiff and her husband, Vadym Huzenko, for the 2009 and 2010 tax years in the amounts of

---

[1] In her Complaint, Plaintiff alleges that she did not file joint tax returns with her husband for the 2009 and 2010 tax years, and further, that the IRS determined she did not sign the returns and she was not required to file returns for those years. (Am. Compl. 2, ECF No. 6.)

$234,651.75 and $32,124.02, respectively. (Am. Compl. 1; Account Tr. Ex. A, ECF No. 8-2; Account Tr. Ex. B, ECF No. 8-2.) Plaintiff requested Innocent Spouse Relief from the IRS for the 2009 tax year, which was denied on July 21, 2014. She petitioned the United States Tax Court ("Tax Court") for a redetermination on October 21, 2014. (Pet. 1 Ex. B, ECF No. 12-2.) On December 7, 2015, the Tax Court denied Plaintiff's petition (the "Decision"). Mamedova v. Comm'r, No. 25022-14, slip op. at 1 (T.C. Dec. 7, 2015); (Tax Court Decision Ex. C, ECF No. 12-3). The Decision stated that "[p]ursuant to the agreement of the parties in this case, it is ORDERED AND DECIDED: That [Plaintiff] is not entitled to relief under I.R.C. § 6015(f) with respect to her income tax liability for the taxable year 2009." Mamedova, No. 25022-14 at 1-2.

With the 2009 and 2010 taxes still unpaid, the IRS issued Plaintiff and her husband a Notice of Federal Tax Lien Filing on March 28, 2017. (Am. Compl. Ex. B.) On April 17, 2017, the IRS issued a levy against Plaintiff and her husband for unpaid taxes for the years 2009 and 2010 on their property located at Florida Community Bank in Immokalee, Florida. (Am. Compl. Ex. A.) Seeking relief from the levy, Plaintiff brought this wrongful levy action pursuant to 26 U.S.C. § 7426(a)(1).

II. Discussion

   A. Sovereign Immunity

Defendant has moved to dismiss for lack of jurisdiction, arguing that Defendant has not waived sovereign immunity for Plaintiff's claim. (United States' Mot. To Dismiss 1, ECF No. 8.)

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988); Fed. Hous. Admin. v. Burr, 309 U.S. 242, 244 (1940)). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. (alteration in original) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Id. (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)). "Waivers of the Government's sovereign immunity, to be effective, must be 'unequivocally expressed.'" United States v. Nordic Vill. Inc., 503 U.S. 30, 33 (1992) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990)). "[T]he Government's consent to be sued 'must be "construed strictly in favor of the sovereign," and not "enlarge[d] . . . beyond what the language requires[.]"'" Id. at

34 (second alteration and omission in original) (citations omitted).

Plaintiff's wrongful levy claim is brought pursuant to 26 U.S.C. § 7426(a)(1). Section 7426(a)(1) states: "[i]f a levy has been made on property . . . any person (<u>other than the person against whom is assessed the tax out of which such levy arose</u>) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States." (Emphasis added.) The IRS assessed and issued a levy against Plaintiff for unpaid taxes for the 2009 and 2010 tax years, as evidenced by Plaintiff's name appearing alongside her husband's name on the IRS account transcripts for the 2009 and 2010 tax years. (Account Tr. Ex. A; Account Tr. Ex. B.) Thus, Plaintiff is undoubtedly "the person against whom is assessed the tax out of which such levy arose" and outside the statutory waiver. <u>See</u> 26 U.S.C. § 7426(a)(1); <u>see also</u> <u>Komlo v. United States</u>, 657 F. App'x 85, 88 (3d Cir. 2016) (affirming district court's dismissal on the basis of sovereign immunity for plaintiff's wrongful levy claim where plaintiff "lack[ed] recourse under the statute because [plaintiff] [was] the 'person against whom' the IRS 'assessed the tax' giving rise to the levy at issue") (quoting § 7426(a)).

Plaintiff argues that she is not the person against whom the tax is assessed as she reached an agreement with the IRS that she

4

did not jointly file tax returns with her husband in 2009 and 2010, and she argues that she did not otherwise have any income in those years. (Mem. in Supp. of the Pl.'s Resp. to the United States Mot. To Dismiss 1, ECF No. 10.) Plaintiff cites only the Decision of the Tax Court on Plaintiff's petition to receive Innocent Spouse Relief for the 2009 tax year as evidence of this agreement. (Id.) While the Decision states that Plaintiff and the IRS reached an agreement, the Decision does not state the substance of the agreement. See Mamedova, No. 25022-14 at 1–2.

However, the agreement noted in the Decision is beside the point because, even accepting Plaintiff's argument about her agreement with the IRS as true, Plaintiff is attempting to show that the tax assessment against her is invalid, which is impermissible under § 7426. See Shannon v. United States, 521 F.2d 56, 59 (9th Cir. 1975) ("one who sues under [section] 7426 cannot challenge the validity of the assessment"). In § 7426 actions, the tax assessment is "conclusively presumed to be valid." See 26 U.S.C. § 7426(c) ("For purposes of an adjudication under this section, the assessment of tax upon which the interest or lien of the United States is based shall be conclusively presumed to be valid."). Thus, § 7426(c) prohibits Plaintiff from challenging the validity of the tax assessment made against her and requires the Court to accept the tax assessments as valid. See Shannon, 521 F.2d at 59 n.9 ("once the assessment is made, the

individual assessed is barred from challenging the validity of the assessment"); see also Komlo, 657 F. App'x at 88 (rejecting plaintiff's argument that plaintiff was not a person assessed a tax by the IRS by allegedly paying outstanding deficiencies after an assessment was entered against the plaintiff because "in the adjudication of a wrongful levy claim, the underlying assessment 'shall be conclusively presumed to be valid'" (citing 26 U.S.C. § 7426(c))). Therefore, the Court has to accept the tax assessments made against Plaintiff as presumptively valid pursuant to § 7426(c).

Accepting the tax assessments against Plaintiff as valid pursuant to § 7426(c), Plaintiff is clearly a person against whom the tax is assessed out of which the levy arose, and, as discussed above, Defendant has not waived sovereign immunity for this claim. Thus, this Court lacks jurisdiction to hear Plaintiff's wrongful levy action pursuant to 26 U.S.C. § 7426(a)(1).

B. Anti-Injunction Act

Defendant argues that Plaintiff's claim is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which states: "[e]xcept as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person

against whom such tax was assessed." (Mem. in Supp. of United States' Mot. To Dismiss 3-4, ECF No. 8-1 (quoting 26 U.S.C. § 7421(a)).) Because the Court holds it does not have jurisdiction to consider this claim, it does not reach this issue.

III. Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss (ECF No. 8) is GRANTED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
Chief Judge
Date: November 30, 2017